**No. 57119.**—Wald & Company *v.* United States, protest 167793–K (St. Louis).

JOHNSON, Judge: This action involves the proper duty assessable upon certain firecrackers imported from Hong Kong. The merchandise was invoiced as No. 8158 firecrackers of various lengths and a diameter of .33″. Duty was assessed thereon at the rate of 12½ cents per pound under paragraph 1515, Tariff Act of 1930, as amended by the General Agreement on Tariffs and Trade, T. D. 51802, supplemented by Presidential proclamation, T. D. 51909, as firecrackers of more than 5/16″ in diameter. The plaintiff claims that the firecrackers are less than 5/16″ in diameter and, therefore, properly dutiable at 4 cents per pound, under said paragraph.

At the trial, the general manager and vice president of the plaintiff testified that the business of the company was handler of wholesale fireworks and importer of Chinese firecrackers. According to the witness, the firecrackers were not examined upon arrival. When unloaded from the cars, the company started shipping out, and "We never examined it upon arrival, other than the Customs authorities examined it." The controversy herein was limited to item number 8158. These particular firecrackers were packed in packages of 20 pieces, 40 pieces, 32 pieces, 24 pieces, 16 pieces, 50 pieces, and 60 pieces each. Samples of these packages were placed in evidence, exhibits 1–A and 1–B to 6–A and 6–B, and exhibit 7, respectively.

The witness further testified that he realized that when firecrackers are over 1¾ inches in length and over 5/16 of an inch in diameter, that the duty is higher and, consequently, it was the aim of the company to import the low duty firecracker and that was the item ordered; that he did not realize until several months after importation that firecrackers number 8158 might be subject to different rates

of duty, or until samples were requested by the customs authorities for examination by the customs laboratory for the purpose of determining whether there would be an additional duty because of size. At the time the request for samples was made, the witness, with a micrometer, went through the stock he had left and checked the sizes or diameters of the crackers but never found any that would come up to 0.3125 (⁵⁄₁₆"). He did not open the package in making his check but just ran the micrometer down the whole package, and even with the tissue papers on the crackers, it cleared. In making his check, he only checked every package which had been opened for examination by the Government in taking its samples but did not go into any packages which had not been broken, and probably checked four or five packages out of each size.

The witness further testified that within a package there are various diameters of the crackers. The reason therefor is due to the fact that the firecrackers are made in the homes of the workers, and the variation in diameter is because of such hand-making process; that the diameter, however, is not in question in selling the crackers; and that they are sold by length and no attention is paid to the diameter so long as the length is proper. Therefore, if the diameter was within 5 per centum of that specified, it would be acceptable. He was of the opinion that the invoiced diameter of 0.33" was in error.

As to the customs laboratory report concerning firecrackers numbered 8158, a total of 336 packages was examined, and the number of firecrackers found over ⁵⁄₁₆ of an inch in diameter was reported as follows:

|  | Number of firecrackers | Number over ⁵⁄₁₆" diam. | Percent |
|---|---|---|---|
| 40 pkgs. of 50 | 1, 650 | 39 | 2. 36 |
| 16 pkgs. of 24 | 384 | 6 | 1. 56 |
| 80 pkgs. of 16 | 1, 181 | 15 | 1. 27 |
| 40 pkgs. of 60 | 1, 920 | 52 | 2. 71 |
| 40 pkgs. of 32 | 960 | 15 | 1. 56 |
| 80 pkgs. of 20 | 720 | 9 | 1. 25 |
| 40 pkgs. of 40 | 880 | 9 | 1. 02 |
|  | 7, 695 | 145 | 1. 88 |

The paragraph of the law, as amended, provides as follows:

PAR. 1515. Firecrackers more than five-sixteenths of one inch outside diameter, or more than one and three-quarters inches in length, * * * [12½ cents per pound]; all other firecrackers, [4 cents per pound] * * * the weight on all the foregoing to include all coverings, wrappings, and packing material.

[Note: The rates in brackets refer to the amended rates, T. D. 51909, *supra*.]

The plaintiff contends that the merchandise in its condition as imported is accepted in the trade as being a firecracker of under ⁵⁄₁₆ of an inch in diameter and it is immaterial if there is a minute portion of the firecrackers of a larger diameter. It is further contended that the commingling provisions under section 508 were not timely raised and that the importer was not able to comply with the applicable regulations by reasons of laches and the failure on the part of customs officials to give timely, adequate, and proper notice of such commingling. In other words, the plaintiff contends that the dimensions of firecrackers given in the act refer to what measurement the trade accepts as a good delivery for that measurement, rather than the actual measurement, and that the section upon commingled merchandise was erroneously applied because the importer had not received notice that such section might be applicable.

The Government contends that the plaintiff has failed to establish that all of the involved firecrackers were ⁵⁄₁₆ of an inch or less in diameter, and that the plaintiff's contention that section 508 is not applicable, because it received no notice suggesting segregation, is untenable on account of the mandatory character of the provision.

A careful consideration of the evidence is convincing that the plaintiff has failed to establish that the firecrackers in question were all 5/16 of an inch or less in diameter. As a matter of fact, the witness admitted that some might be of larger diameter. The measurement of a few packages is clearly insufficient to overcome the evidence of actual measurements reported by the customs laboratory. Nor is it material whether or not in the trade no notice is taken of the diameter. The tariff provision is positive in indicating that firecrackers having a diameter of more than 5/16 of an inch are assessable at the higher rate. Had Congress intended that the trade practice should prevail, it could easily have so indicated.

As pointed out by counsel for the Government in his brief, the commingling statute is mandatory in character, and the importer is not relieved of the burden of requesting segregation because of mistakes as to the law. It is clear that if two classes of dutiable goods are imported in the same package, under the law they become classifiable at the higher rate unless segregated by the importer.

For the reasons stated judgment will be entered in favor of the Government.